# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Delta Engineering, Inc. | ) ASBCA No. 58063 |
| | ) |
| Under Purchase Order No. 0000017897 | ) |
| Contract No. 000000-00-0-0000 (Implied-in-Fact) | ) |

APPEARANCE FOR THE APPELLANT:   Michael J. Trevelline, Esq.
                                Law Office of Michael Trevelline
                                Washington, DC

APPEARANCES FOR THE AUTHORITY:  Kathryn H.S. Pett, Esq.
                                  General Counsel
                                Donald A. Laffert, Esq.
                                  Chief Counsel
                                Jeffrey Weinstein, Esq.
                                  Assistant General Counsel
                                  Washington Metropolitan Area
                                    Transit Authority
                                  Washington, DC

## OPINION BY ADMINISTRATIVE JUDGE PEACOCK
## ON THE AUTHORITY'S MOTION FOR RECONSIDERATION

The Washington Metropolitan Area Transit Authority (WMATA) has moved for reconsideration of our decision denying in part and granting in part its motion to dismiss (motion) the captioned appeal for lack of jurisdiction and challenging certain relief requested by Delta Engineering, Inc., (Delta or appellant). *Delta Engineering, Inc.*, ASBCA No. 58063, 14-1 BCA ¶ 35,553. Familiarity with that decision is presumed.

The motion seeks reconsideration of the portion of our decision finding that we have jurisdiction to consider appellant's claim based on an alleged implied-in-fact contract with WMATA. The motion reasserts contentions that any such contract lacked an express Disputes clause, which is an essential foundation for our jurisdiction over WMATA contractual disputes. In determining that we were empowered to resolve whether Delta's interactions and communications with WMATA gave rise to the alleged implied-in-fact contract, we held that, if appellant's allegations are proven, WMATA's acquisition procedures mandated incorporation of the Disputes clause. Alternatively, we concluded that the alleged agreement "relate[d] to" the development contract purchase order which expressly set forth the Disputes clause. *Delta*

*Engineering*, 14-1 BCA ¶ 35,553 at 174,223. Upon our review of the purchase order, we agree with WMATA that it does not contain an express Disputes clause. To that extent, we correct and modify the underlying decision.

However, the absence of an express Disputes clause in the purchase order is irrelevant. Whether the alleged implied-in-fact contract is viewed as a discrete, independent agreement or as an ancillary implied term of the purchase agreement, the clause is required by the WMATA Procurement Manual (WPM) (2004). Section 2102.1 of the WPM provides that "all contracts [for supplies and services] entered into on behalf of the Authority in an amount in excess of $10,000...shall include a disputes clause." This assumes, of course, that Delta establishes the amount of the contract exceeds the $10,000 threshold.

WMATA's motion now asserts in essence that the WPM requirement is not in fact mandatory. The WPM provision applies to "all" contracts, without pertinent limitation or restriction. WMATA cannot arbitrarily choose when the clause is mandatory based on its perception of the subjective benefits of its incorporation in each specific case.

To the extent that the motion reiterates arguments previously made, we have fully considered all WMATA contentions in reaching our decision in the underlying decision. Further discussion is unwarranted. The motion is denied and the underlying decision is corrected and modified to the limited extent noted above.

Dated: 29 July 2014

ROBERT T. PEACOCK
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 58063, Appeal of Delta Engineering, Inc., rendered in conformance with the Board's Charter.

Dated:

_____

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals
